The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREY TURCHIN,<br>  a/k/a, "fxmsp," *et al.*,<br><br>    Defendant. | NO.  CR18-303RAJ<br><br>**UNITED STATES' MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PROCEDURE**<br><br>Noted: July 7, 2020 |

The United States of America, by and through undersigned counsel, respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in order to provide notice to the large number of victims in this matter. No charged defendant has appeared in this District.

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among the rights the Act affords to crime victims are the rights to "reasonable, accurate, and timely notice" of public court proceedings and "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and

MOTION FOR ALTERNATIVE VICTIM NOTIFICATION - 1
*United States v. Turchin* (CR18-303RAJ)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures, which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

As set forth in the records on file, the charges in this case relate to a sophisticated cybercriminal group alleged to have compromised the protected computer networks of hundreds of corporate entities, educational institutions, and governmental agencies. The group then sold the network access to others, thus subjecting the victim entities to a wide spectrum of cyberattacks and fraud. Victims of the alleged misconduct include the breached companies in over 40 countries, including the United States, as well as individuals whose personal or financial information were compromised through the hacking and the resulting criminal activity.

The U.S. Attorney's Office for the Western District of Washington is committed to providing victims with every reasonable opportunity to express their views to the Court. It is vitally important to the integrity of the prosecution process that victims know that their losses and the impact of the offense conduct are fairly considered by the Courts in reaching a just resolution and a fair sentencing outcome in a case. However, the large

MOTION FOR ALTERNATIVE VICTIM NOTIFICATION - 2
*United States v. Turchin* (CR18-303RAJ)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  number of victims in this case makes compliance with the notification requirements
2  outlined in Section 3771(a), (b) and (c) impracticable.  Neither the United States nor the
3  Court has the resources to accord all of the victims in this case the notice required by
4  subsection 3771(a) on an individualized basis.
5       As the Court has approved with respect to other cybercrime prosecutions in this
6  District, the United States proposes to notify victims through the Justice Department's
7  website for large cases, https://www.justice.gov/largecases, which will host a case-
8  specific webpage for individuals who are victims or who believe they may be victims.
9  The case-specific website will also contain the notices required under the Act and provide
10 potential victims the opportunity to complete a victim impact statement in order to relay
11 information about how they were victimized, thereby putting the United States in a better
12 position to communicate directly and individually with potential victims.
13      For the forgoing reasons, the United States requests that the Court grant this
14 motion for alternative victim notification procedure pursuant to Title 18, United States
15 Code, Section 3771(d)(2).
16      DATED this 7th day of July, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Steven T. Masada*
STEVEN T. MASADA
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  (206) 553-4282
Fax:     (206) 553-4440
E-mail: Steven.Masada@usdoj.gov

MOTION FOR ALTERNATIVE VICTIM NOTIFICATION - 3
*United States v. Turchin* (CR18-303RAJ)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREY TURCHIN,<br>  a/k/a, "fxmsp," *et al.*,<br><br>Defendant. | NO. CR18-303RAJ<br><br>[PROPOSED] ORDER GRANTING MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PROCEDURE |

THE COURT, having considered the government's motion for alternative victim notification, and all the files and records in the above-captioned matter, finds that the circumstances are as set forth in said motion and, accordingly:

IT IS ORDERED that the government's motion is GRANTED.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §3771(d)(2), that given the large number of potential victims in this case, the United States is authorized to provide the notifications required by 18 U.S.C. § 3771 via the Internet. The government shall post a link on the Department of Justice's large case website, located at http://www.justice.gov/largecases/, that will direct potential victims to a webpage that contains case-specific notifications and information on how to submit victim impact statements.

ORDER - 1
*United States v. Turchin* (CR18-303RAJ)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SO ORDERED.

DATED this \_\_\_\_\_ day of July, 2020.

_____
HON. RICHARD A. JONES
United States District Judge

Presented by:

*s/ Steven T. Masada*
STEVEN T. MASADA
Assistant United States Attorney

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970